UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

DAVID SUTHERLIN,

                    Plaintiff,                         Case No. 2:13-cv-279

v.                                                     Honorable R. Allan Edgar

ANN LANALA, et al.,

                    Defendants.
_____/

## OPINION

       This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* without payment of an initial partial filing fee**.** Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff David Sutherlin, a prisoner confined at the Baraga Maximum Correctional Facility (AMF), filed these civil rights complaints pursuant to 42 U.S.C. § 1983 against Defendants Clinical Social Worker Ann Lanala, Psychologist Tonia Wolak, Corrections Officer Sharron Winebergg, Dinese Carllson, and Corrections Officer Molley Armstrong. In Plaintiff's complaint, which is barely legible, he asserts that these Defendants are female hermaphrodites and have repeatedly drugged and sodomized him, leaving their bodily fluids in Plaintiff's rectum. Plaintiff contends that he has overwhelming DNA evidence proving this to be true. Plaintiff claims that Defendants' conduct violated his rights under the Eighth Amendment and seeks damages and equitable relief.

**Discussion**

    I.    <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although

the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than

a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill*

*v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1)

and 1915(e)(2)(B)(i)).

      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right

secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr.*

*Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal

rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify

the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

      Plaintiff's claims in this lawsuit are barred by the res judicata effect of this court's

decision in the consolidated case of *Sutherlin v. Winebird, et al.*, No. 2:12-cv-352; 2:13-cv-38 (W.D.

Mich. Sept. 17, 2013).[1] The doctrine of claim preclusion, sometimes referred to as res judicata,

provides that if an action results in a judgment on the merits, that judgment operates as an absolute

bar to any subsequent action on the same cause between the same parties or their privies, with

respect to every matter that was actually litigated in the first case, as well as every ground of recovery

---

[1]It appears that Plaintiff has had another consolidated case, *Sutherlin v. Winebird, et al.*, No. 2:13-cv-144; 2:13-cv-180 (W.D. Mich. Jan. 23, 2014), dismissed on the same basis.

that might have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994); see Kremer v. Chemical Const. Corp., 456 U.S. 461, 467 n.6 (1982); *see also Bowen v. Gundy*, No. 96-2327, 1997 WL 778505, at * 1 (6th Cir. Dec. 8, 1997). Claim preclusion operates to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication. *Allen v. McCurry*, 449 U.S. 90, 94 ( 1980). In order to apply the doctrine of claim preclusion, the court must find that (1) the previous lawsuit ended in a final judgment on the merits ; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit involved the same claim or cause of action as the present case. *Allen*, 449 U.S. at 94; *accord Federated Dept Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

Although at various points in *Sutherlin v. Winebird, et al.*, No. 2:12-cv-352 and 2:13-cv-38, Plaintiff referred to the defendants as Corrections Officer Unknown Winebird, Psychologist / Doctor A. Lanala, Psychologist / Doctor Unknown Warllack, Nurse Unknown Carlson, and third shift Resident Unit Officer Unknown Armstrong, it became apparent after service of the complaint that Defendants were in fact Winebergg, Lanala, Wolak, Carllson, and Armstrong. A review of the record reveals that Plaintiff's claims against the named Defendants were identical to those being asserted in the instant complaint. Therefore, the court will dismiss Plaintiff's complaint in its entirety as being barred by the doctrine of claim preclusion.

- 4 -

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:       1/28/2014                 */s/ R. Allan Edgar*
                                             R. Allan Edgar
                                             United States District Judge